**Vivian LIVERMAN–MELTON, Plaintiff,**

v.

**BRITISH AEROSPACE, INC., Defendant.**

Civ. A. No. 83–2820.

United States District Court, District of Columbia.

Jan. 30, 1986.

Carol N. Park, Washington, D.C., for plaintiff.

Benjamin Achenbach, Washington, D.C., for defendant.

## MEMORANDUM ORDER

JOHN GARRETT PENN, District Judge.

The plaintiff filed this action, in which she alleges discrimination based on race (plaintiff is black), pursuant to 42 U.S.C. §§ 1981, 1988 and 2000e–2. She was hired by the defendant on October 29, 1979, as a receptionist. She alleges that she was discriminated against in the area of pro-

motions, wages and other practices in the office.

## I

In September 1982 the plaintiff filed a discrimination complaint against the defendant with the United States Equal Employment Opportunity Commission (EEOC). A fact finding conference was held in January 1983 and thereafter, an EEOC Equal Opportunity Specialist suggested that the defendant offer a cash settlement. In response to this suggestion, the defendant offered $500 to settle the case. This offer was almost immediately rejected by the plaintiff, who at that time was not represented by counsel. In February 1983, EEOC informed defendant that the agency intended to continue its investigation and EEOC did so by requesting additional information from the defendant including such items as defendant's personnel handbook, a job opening announcement pertaining to the office where the plaintiff was employed, data on defendant's employment evaluation policies, and specific information on defendant's job evaluations of the plaintiff. Later, a second conference was held at which time the plaintiff was accompanied by an attorney for the first time. Defendant opened the conference by offering to settle the matter for $1,000. Plaintiff rejected the offer, did not make a counter proposal, terminated the EEOC investigation and requested a right to sue letter.

Plaintiff filed her complaint in this case on September 23, 1983. In her complaint she asked the Court to permanently enjoin the defendant from discriminating on the basis of race, to require the defendant to reimburse her for loss of promotional opportunities and loss of other benefits, to grant her compensatory and punitive damages, and to award her attorney's fees and costs. Plaintiff had left her employment with the defendant in November 1982 and was not seeking reemployment.

The parties engaged in discovery and then in October 1984 entered into a Stipulation of Settlement and Order under which defendant paid the plaintiff $12,000 in full settlement of all claims except that the parties reserved the right of the plaintiff to claim attorney's fees and costs as the "prevailing party" in this litigation. Defendant contended throughout, and in the written settlement, reserved its right to argue that the plaintiff was *not* the "prevailing party" under applicable law.

The case is now before the Court on plaintiff's application for the payment of attorney's fees and costs. After giving careful consideration to the motion and the opposition thereto, together with the record in this case, the Court concludes that plaintiff is the "prevailing party" and that the fee application should be granted.

## II

It is now well established that a plaintiff who settles a discrimination action prior to final judgment and prior to a determination that the defendant is guilty of discriminatory employment practices may nevertheless be the "prevailing party" and thereby entitled to attorney's fees and costs. *See Maher v. Gagne,* 448 U.S. 122, 100 S.Ct. 2570, 65 L.Ed.2d 653 (1980); *Miller v. Staats,* 227 U.S.App.D.C. 299, 706 F.2d 336 (1983); *Comm'rs Court of Medina County, Texas v. United States,* 221 U.S.App.D.C. 116, 683 F.2d 435 (1982).

Defendant opposes any award to the plaintiff as the "prevailing party" and in doing so notes that during the settlement discussions the defendant was under the impression that the monetary settlement included attorney's fees and costs, and further that the plaintiff and her attorney had entered into a contingency fee arrangement and thus her attorneys should now be required to recover their fees out of the $12,000 paid to the plaintiff under the terms of the settlement. The defendant also contends that the plaintiff has not advanced a public interest under Title VII, that there was no need for the plaintiff to maintain this action since it was pending before the EEOC, and that the plaintiff has not succeeded on the central issue of discrimination. All of these arguments must be rejected.

■ In *Miller, supra,* our Court of Appeals addressed the issue of when a plaintiff is a "prevailing party". The court noted that "[t]he statutory reference to the court's 'discretion' does not authorize a refusal to award any fees to a prevailing plaintiff unless special circumstances would render such an award unjust." *Miller, supra,* 227 U.S.App.D.C. at 303, 706 F.2d at 340 (citation omitted). The court observed that "for purposes of the attorney fees provisions, they [the plaintiffs in *Miller*] need only allege a claim that is colorable under the civil rights laws—that has some minimum basis in law.... This is a question of law, not fact." 227 U.S. App.D.C. at 305, 706 F.2d at 342 (footnote omitted). Plaintiff is not required to prove defendant " 'guilty, to some degree of discrimination,' ... to establish their 'prevailing party' status." *Id.*

■ The plaintiff has met her burden. On its face, her complaint sets forth a legal claim of discrimination against the defendant; it is not frivolous on its face. Moreover, in response to interrogatories propounded by the defendant, the plaintiff has cited specific instances of what she claims to be discriminatory practices by the defendant. For example, she alleged that when she applied for a promotion for a posted job she was told that she did not qualify because her shorthand skills were not adequate. Complaint ¶¶ 13–6. Yet, a white applicant applied and was given the position even though the white applicant had no shorthand experience. Complaint ¶ 17. In response to an interrogatory, plaintiff stated the name of the secretary who received the promotion. Plaintiff's Response to Interrogatories 34 and 35. Similar examples can be found in her complaint and her response to other interrogatories propounded by the defendant.

The plaintiff's allegations and responses to interrogatories do not establish her allegations and responses as facts, but they do establish that she has at least "allege[d] a claim that is colorable under the civil rights laws." *Miller,* 227 U.S.App.D.C. at 305, 706 F.2d at 342. Thus, the plaintiff is entitled to attorney fees and costs absent a showing by the defendant that such fees and costs should not be awarded due to special circumstances.

■ Defendant's contention that it was under the impression that the settlement was to include attorney's fees and costs would not affect the award of fees since the parties thereafter entered into a written settlement agreement which specifically preserved plaintiff's rights to claim fees and costs as the prevailing party. Moreover, defendant's argument that the plaintiff had entered into a contingency fee arrangement and should be held to that arrangement is not a complete statement of the fact. While plaintiff and her counsel did enter into a fee arrangement, that arrangement specifically referred to an application for fees to be addressed to the court if the plaintiff was successful and noted that the attorneys would receive "the greater of one-third (⅓) of any recovery you receive, or the attorney's fees awarded to you by a court." Application Appendix C.

■ The remaining argument in opposition to the award of attorney's fees and costs is answered by *Miller.* Plaintiff must show that she "substantially received the relief sought" and that 'the *lawsuit* was a catalyst motivating defendant[ ] to provide' the requested relief." 227 U.S. App.D.C. at 304, 706 F.2d at 341 (footnotes omitted, emphasis in the original). Here, although the plaintiff did not obtain an order or agreement that the defendant would refrain from engaging in discrimination based on race, indeed, defendant denies it did so, she did obtain the other relief requested in her complaint, including payment of compensatory and possibly punitive damages, and reimbursement for the loss of promotional opportunities. Thus the first prong of the test has been met. And, it seems highly unlikely that she would have received the settlement but for the institution of this lawsuit. The second prong is met. It does not appear that the plaintiff was unreasonable in filing this action when she did so because defendant

had a number of months to investigate her claim and had still treated this case as having nothing more than nuisance value. Moreover, there seems little question that by bringing this action, the plaintiff, if the defendant did discriminate, would give the defendant pause for thought in any future employment actions. Therefore, a public interest has been advanced.

The Court finds therefore that the plaintiff is the "prevailing party" and that nothing in the record dictates against an award of fees and costs.

### III

In determining the amount of fees and costs to be awarded, this Court is guided by *Copeland v. Marshall*, 205 U.S. App.D.C. 390, 641 F.2d 880 (1980) and *National Association of Concerned Veterans v. Secretary of Defense*, 219 U.S.App.D.C. 94, 675 F.2d 1319 (1982). Plaintiff seeks an award of $26,990 for attorney's fees and $983.09 for costs, or a total award of $27,-973.09. The Court, consistent with its obligation under *Copeland*, has reviewed the claim including the billing records submitted by the plaintiff and the supporting affidavits and concludes that both the hours billed and the hourly rates are reasonable.

Defendant argues that the claim made by the plaintiff is excessive. But in making that argument, the defendant notes that it has incurred legal fees "well over $50,000". Defendant's opposition to the Application at 7. If anything, defendant's statements support plaintiff's application as being reasonable, bearing in mind that the plaintiff has the burden of proof in such litigation and that there is little incentive to counsel becoming involved with such litigation.

### IV

In sum, the Court concludes that the plaintiff is "the prevailing party", that her request for attorney's fees and costs is reasonable, and that she is now entitled to an award in the amount of $26,990 for attorney's fees and $983.09 for costs, or a total award of $27,973.09. The Court finds no basis to add to the amount of that award.

In view of the above, it is hereby

ORDERED that plaintiff's application for attorney's fees and costs is granted, and it is further

ORDERED that the defendant shall pay to the plaintiff the sum of $26,990 for attorney's fees and $983.09 for costs or a total payment of $27,973.09, and it is further

ORDERED that the award is made to counsel for the plaintiff subject to the requirement that counsel reimburse the plaintiff for any sums she has paid them for attorney's fees and costs.